IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ADRIANA HERNANDEZ                                                                    PLAINTIFF

Civil No. 19-5091

KEVIN K. MCALEENAN, Acting Secretary
of The Department of Homeland Security, et al                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 8 U.S.C. § 1421(c), seeking a *de novo* review of the denial of her Application for Naturalization by the United States Citizenship and Immigration Services ("USCIS"). Plaintiff also seeks to set aside the denial of her Naturalization Application as unlawful under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A), arguing that the denial of her Application was arbitrary, capricious, an abuse of discretion, and not in accordance with law. Currently before the Court is Defendants' **Motion to Dismiss (Doc. 6)** pursuant to Fed. R. Civ. P. 12(b)(6) and Plaintiff's Response (Doc. 10) thereto.

### BACKGROUND

The following facts are set out in the USCIS's initial decision denying Plaintiff's Application for Naturalization and the USCIS's affirmance of this decision following Plaintiff's request for a hearing. Both of these written decisions are submitted as exhibits to Defendants' Motion to Dismiss. (Doc. 6-1, 6-3.) It is appropriate for the Court to consider the USCIS's decisions in ruling on the Motion to Dismiss, as the decisions are necessarily embraced by the pleadings. See Meiners v. Wells Fargo & Co., 898 F.3d 820, 822 (8th Cir. 2018).

- Plaintiff was born in Mexico in 1983.

- On January 20, 1998, Plaintiff's father, a permanent resident of the United States, filed a Form I-130, Petition for Alien Relative, on behalf of Plaintiff's mother. On April 10, 2002, the Form I-130 was approved, with a priority date of January 20, 1998. Plaintiff was included in this approval as a derivative child of the principal beneficiary.

- Plaintiff entered the United States on January 14, 2004, with a nonimmigrant V-3 visa, which gave her authorization to remain in the United States until April 27, 2004. Plaintiff remained in the United States after that date and did not request an extension of her authorized stay.

- On December 21, 2005, Plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status, seeking to adjust her status to permanent resident based on her father's approved Form I-130.

- On June 26, 2006, Plaintiff's Form I-485 was approved and her status was adjusted to that of a permanent resident "under classification FX7, as the child of a permanent resident." (Doc. 6-1 at pg. 2.)

- On April 23, 2012, Plaintiff filed a Form N-400, Application for Naturalization.

- On March 6, 2017,[1] Plaintiff's Naturalization Application was denied on the following grounds:

---

[1] Plaintiff, along with three other applicants, filed suit in this Court based on the USCIS's delay in adjudicating their Applications for Naturalization. On January 18, 2017, the Court entered an order granting the Parties' consent motion for remand and directing that the Applications be decided within 45 days. Rodriguez v. Johnson, Case No. 16-5259 (Doc. 9).

> [T]o qualify for naturalization . . ., an applicant has the burden of demonstrating that he or she meets all the requirements for naturalization, which includes the burden of demonstrating that he or she has been *lawfully* admitted for permanent residence.  You were not lawfully admitted for permanent residence because on the day that your Form I-485 was approved you were not eligible for adjustment of status under [the Immigration and Naturalization Act "INA"] § 245(a), INA § 245(i) or under any other provision of law.
>
> Specifically, you were not eligible for adjustment of status under INA § 245(a) because at the time you filed your Form I-485, you had been present in the United States without any lawful immigration status since April 27, 2004.  Because you failed to "maintain continuously a lawful status since entry into the United States," INA § 245(c)(2), you were ineligible to adjust status under INA § 245(a).
>
> You were also not lawfully admitted for permanent residence status under INA § 245(i).  While a failure to maintain status is not a bar to adjustment under INA § 245(i), otherwise eligible applicants . . . can only lawfully adjust their status under this section if they pay the $1000 sum required by statute.  INA § 245 (i)(1).  *See also* 8 C.F.R. § 245.10(b)-(c).  Because this required $1000 sum was not paid prior to your adjustment of status [and because you failed to file a Supplement A to Form I-485], you were not lawfully admitted for permanent residence under INA § 245(i).
>
> Because you have not met your burden of demonstrating that you have been lawfully admitted for permanent residence, you are ineligible for naturalization.

(Doc. 6-1 at pgs. 2-3.)

- Plaintiff appealed the denial of her Application for Naturalization.  On January 25, 2019, the USCIS issued a decision affirming the denial of Plaintiff's Application.  The decision noted that even though Plaintiff had not maintained continuous lawful status since entry into the United States, because her Form I-485 was based on a family-preference based Form I-130, she was eligible for relief under the provisions of § 245(i) of the INA.  However, Plaintiff failed to submit Supplement A to Form I-485 and also failed to pay the penalty fee of $1,000 at the time she filed her Form

I-485, as required by § 245(i).  The USCIS, therefore, concluded that Plaintiff did not establish that she was lawfully admitted for permanent residence.  (Doc. 6-3.)

## DISCUSSION

On May 21, 2019, Plaintiff filed the instant lawsuit seeking *de novo* review of the denial of her Application for Naturalization.  (Doc. 1).  Title 8 U.S.C. § 1421(c) provides that after an applicant's Application for Naturalization has been denied, she may seek judicial review of her Application, and "[s]uch review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application."

Defendants move to dismiss pursuant to Rule 12(b)(6), arguing that Plaintiff's Application for Permanent Resident status was erroneously granted by the USCIS.  Defendants argue that Plaintiff, therefore, cannot establish that she was lawfully admitted for permanent residence, and this renders her statutorily ineligible for naturalization.[2]  In ruling on a 12(b)(6) motion to dismiss, the Court must accept as true all facts pleaded by the Plaintiff and grant all reasonable inferences from the pleadings in favor of the Plaintiff.  See Meiners, 898 F.3d 820, 821 (8th Cir. 2018).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff satisfies the plausibility requirement when she "pleads factual content that

---

[2] Defendants filed similar motions to dismiss in Corea v. Olguin, 19-2024, and Spencer v. Gomez, 18-5236, two other actions pending in this District involving similar issues.  In both cases, United States District Judge P. K. Holmes denied the motions to dismiss with regard to the Plaintiffs' § 1421 claims, finding that, based on the limited documents before the Court, the Court was unable to conduct a full de novo review of Plaintiff's Application for Naturalization.  Case No. 19-2024 (Doc. 29); Case No. 18-5236 (Doc. 24.)

4

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## Plaintiff's Claim under 8 U.S.C. § 1421(c)

Under the INA, an individual is not eligible for naturalization unless she has been lawfully admitted for permanent residence "in accordance with all applicable provisions" of the INA. 8 U.S.C. § 1429. "Lawfully admitted for permanent residence" is defined to mean "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws." 8 U.S.C. § 1101(a)(20). Under 8 U.S.C. § 1255(a), "[t]he status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General . . . to that of an alien lawfully admitted for permanent residence" if she meets certain qualifications. Generally, an alien may not be lawfully admitted for permanent residence if she "has failed to maintain continuously a lawful status since ent[ering] the United States." 8 U.S.C. § 1255(c)(2). Plaintiff was not eligible for permanent resident status under § 1255(a), as her visa had expired, and she was not in "lawful status." However, as stated in the USCIS's decisions on Plaintiff's Naturalization Application, an alien, such as the Plaintiff, who overstays her visa but who is the beneficiary of a family-preference Form I-130 visa petition, is eligible for permanent resident status under 8 U.S.C. § 1255(i). To adjust status under § 1255(i), an applicant must submit a Supplement A Form and a $1,000 additional fee with the standard I-485 Adjustment of Status Application. 8 C.F.R. § 245.10(b).

Defendants argue that the USCIS erroneously granted Plaintiff's Application for Adjustment of Status to permanent resident, as Plaintiff failed to submit the Supplement A Form and the $1,000 fee. Defendants argue that these were substantive, statutory requirements

5

and Plaintiff's failure to comply with these requirements precludes her from having been lawfully admitted for permanent residence, as required to be eligible for naturalization.

The issues in this case are nearly identical to those in <u>Agarwal v. Naplitano</u>, 663 F. Supp.2d 528 (W. D. Tex. 2009)[3] and <u>Aliping v. Campagnolo</u>, No. 8:18-cv-00901-JLS-KES, 2018 WL 6421690 (C.D. Cal. Oct. 17, 2018).  In <u>Argarwal</u>, the USCIS argued, as it does here, that the Plaintiff was not eligible for naturalization because he was erroneously granted legal permanent resident status.  The USCIS argued that the Plaintiff's permanent resident status was "*void ab initio*" because the Plaintiff failed to pay the fee required by § 1255(i).  The district court rejected this argument, holding:

> The agency essentially contends that Dr. Agarwal's failure to pay a fee that was never demanded of him should automatically and retroactively cut off his . . . lawful permanent resident status, rendering [him] ineligible for citizenship.  Not only is this scenario Kafkaesque, it is also contrary to law in two distinct ways.
>
> The first problem is the CIS's failure to notify [Dr. Agarwal] of the missing payment.  According to the regulations, the agency must notify an alien of any failure to remit a § 1255(i) enhanced fee, if the alien is not otherwise ineligible for relief, and provide the alien with thirty days to cure this defect.  8 C.F.R. § 245.10(d).  Because the CIS alleges no other defect in [Dr. Agarwal's] [legal permanent resident] process, at the very minimum it was required to give [him] the benefit of the § 245.10(d) notice and cure provisions while [his legal permanent resident] application[] [was] pending.  There is no suggestion that the agency complied with that regulation.  In fact, there is no evidence the CIS even noticed this defect until at least a decade after [Dr. Agarwal] received [legal permanent resident] status….
>
> Had the application[] simply been denied in 1997 for failure to pay the § 1255(i) enhanced fee, [Dr. Agarwal] could have unquestionably complained about a failure to provide the notice mandated by 8 C.F.R. § 245.10(d), and gained relief at the time.  Should [his] position now be the worse because the agency erroneously *granted* the petitions in 1997?  That result should

---

[3] The undersigned sees no merit to Defendants' attempt to distinguish <u>Agarwal</u> on the basis that the Government admitted in their responsive pleadings in <u>Agarwal</u> that the Plaintiff was a lawful permanent resident. Despite this admission, the Government nevertheless challenged Plaintiff's legal permanent resident status in their motions to dismiss and for summary judgment, and the Court in <u>Agarwal</u> addressed and rejected the Government's arguments.

> not be permitted, as it would essentially gut the notice provision by allowing the CIS to grant and then immediately rescind [legal permanent resident] status without providing the required notice – the agency could do that in every case and be spared the burden of ever having to provide notice….
>
> The CIS's view regarding the automatic loss of erroneously-granted [legal permanent resident] status is also incorrect for a second, broader reason. The law plainly states that, once granted, [legal permanent resident] status sticks; if the CIS later realizes that the alien was actually ineligible for that adjustment in status at the time of granting (i.e. it was granted erroneously) then it must follow the formal procedure for revocation or rescission. *See* 8 C.F.R. § 246.1…. This strongly suggests that there is only one way to set aside a grant, even an erroneous grant, of [legal permanent resident] status – a formal rescission proceeding….
>
> Thus, because . . . a rescission of LPR status predicated upon a failure to pay the required § 1255(i) fee, when the agency failed to provide the required notice, would be unjust and unlawful, and . . . the agency does not allege that [Dr. Agarwal] lost [his legal permanent resident] status through the procedural avenue provided by law, the Court cannot conclude that [Dr. Agarwal is] ineligible for citizenship because [his legal permanent resident] status was void from the start.

Agarwal, 663 F. Supp.2d at 538-39.

Similarly, in Aliping, the Plaintiff failed to include the $1,000 payment with her I-485 Supplement A form. The USCIS nevertheless approved Plaintiff's Application for Permanent Resident status and did not notify her of the payment deficiency. The USCIS argued that Plaintiff was statutorily ineligible for naturalization because her nonpayment of the $1,000 fee meant she was not lawfully admitted for permanent residence, despite the USCIS's erroneous approval of her Permanent Resident Application. The Court rejected this argument and distinguished Segura v. Holder, 605 F.3d 1063 (9th Cir. 2010) and Ayala v. United States Citizenship and Immigration Servs., No. 1:16-CV-0798 AWI BAM, 2017 WL 3023572 (E.D. Cal. July 17, 2017), cases relied upon by the Defendants in the instant action. The Aliping Court held:

7

>Defendant contends that – despite ultimately being admitted to the United States for permanent residence – Plaintiff's nonpayment means that she was not *lawfully* admitted to the United States for permanent residence *in accordance with all applicable provisions of the relevant law…*.
>
>To support this argument, Defendant cites the Ninth Circuit's holding in Segura . . ., which distinguishes between procedural receipt of [legal permanent residence] status and substantive compliance with the underlying requirements of other status changes. In that case, the alien petitioner was accorded [legal permanent resident] status despite a disqualifying criminal conviction…. The Ninth Circuit [found] . . . that, "[a]lthough an alien may have been admitted for permanent residence, he has not been *lawfully* admitted for permanent residence if he was precluded from obtaining permanent resident status due to an inability to meet the requirements." Segura, 605 F.3d at 1066…. Because [Segura] "pleaded guilty to a felony prior to completing his application for an adjustment of status … [he] was *incapable* of fulfilling one of the conditions necessary for obtaining permanent resident status [at the time he applied]." Id. at 1066-67. … Therefore, "he was not *lawfully* admitted for permanent residence …." Id. at 1067. (emphasis added) . . ..
>
>[T]he Court declines to extend Segura and its progeny to the present facts. In each of those cases, the government granted [legal permanent resident status] to an applicant despite the applicant's substantive ineligibility due to either a conviction (Segura), misrepresentation of marital status …, misrepresentation on an underlying asylum petition …, or revocation of a sponsoring parent's petition for [legal permanent resident status] (Ayala). The moment the paperwork landed on the USCIS desk, each of those applicants was "precluded from obtaining permanent resident status due to an inability to meet the prerequisites." Segura, 605 F.3d at 1066….
>
>Here, in contrast, Plaintiff substantively met the prerequisites for naturalization. Indeed, USCIS found no issue with her application other than the lack of payment. That her … Application for Adjustment of Status contained a procedural defect will not now be construed as a substantive issue with her Application for Naturalization…. Defendant … argu[es] that the $1,000 payment . . . is a *substantive* statutory requirement…. Hence, according to the government, anyone whose [legal permanent resident] status was granted despite nonpayment is *substantively* not "lawfully admitted for permanent residence…." Defendant thereby asks the Court to put such nonpayment on the same plane as a criminal conviction, misrepresentation of facts, or cancellation of the underlying basis for lawful admission. That mere nonpayment of a fee should have the same effect as immutable ineligibility – and should haunt Plaintiff in every inquiry of legal compliance *ad infinitum* – is a dubious claim. It is not surprising that Defendant has cited no cases supporting this proposition.

> Agency regulation . . . lays out procedures by which an application submitted without same-day payment can be cured …. Thus, . . . nonpayment is a procedural misstep that does not put an applicant in substantive noncompliance with the law in a separate, future proceeding…. Plaintiff's nonpayment did not doom her Application for Adjustment of Status at the moment of submission. Rather, her procedurally incomplete but substantively meritorious petition was ultimately processed, and she became *lawfully* admitted for permanent residence in the United States.
>
> Perhaps Plaintiff's [lawful permanent resident] status is predicated on procedural glitch. But that is an independent inquiry, and adjudication of Plaintiff's [lawful permanent resident] status is not the subject of this suit. Here, the Court asks only whether Plaintiff is or is not capable of meeting the substantive prerequisites for naturalization as a matter of law. She is.

Aliping, 2017 WL 3023572, at *5.

While Agarwal and Aliping are decisions from District Courts outside of the Eighth Circuit and are not binding on this Court, the undersigned agrees with the reasoning and well thought out analysis in these decisions. In the present case, when Plaintiff submitted her I-485 adjustment of status form, the USCIS did not notify Plaintiff of the missing $1,000 payment or Supplement A form and allow Plaintiff the opportunity to cure this defect, as it was required to do under 8 C.F.R. § 245.10(d). As in Agarwal, it appears that the USCIS did not even notice this defect until nearly six years after it granted Plaintiff permanent resident status. The USCIS perhaps would have never noticed the defect had Plaintiff not applied for naturalization. As in Agarwal, had the USCIS denied Plaintiff permanent resident status on the basis of this defect, Plaintiff could have gained relief on the basis of the USCIS's failure to provide the required notice. Plaintiff's position should not "now be the worse because the agency erroneously *granted*" her Application to adjust her status to permanent resident, as this result "would essentially gut the notice provision." Agarwal, 663 F. Supp.2d at 538.

9

Defendants cite <u>Arellano-Garcia v. Gonzales</u>, 429 F.3d 1183 (8th Cir. 2005), arguing the Eighth Circuit has held that an alien is not lawfully admitted for permanent residence when the adjustment to that status was the result of a mistake of the USCIS. The alien in <u>Arellano-Garcia</u>, however, like the alien in <u>Segura</u>, was mistakenly granted permanent resident status as a result of the USCIS overlooking a conviction, which made the alien substantively ineligible for permanent resident status. The undersigned agrees with the Court in <u>Aliping</u> that the failure to submit the $1,000 fee and Supplement A form is not "on the same plane" as a criminal conviction, which renders an applicant substantively ineligible for permanent resident status. The undersigned agrees with the conclusion reached in Aliping: Plaintiff was substantively eligible for permanent resident status and her "procedurally incomplete but substantively meritorious petition was ultimately processed, and she became *lawfully* admitted for permanent residence in the United States." <u>Aliping</u>, 2017 WL 3023572, at *5.

Based on the foregoing, the undersigned sees no merit to Defendant's argument that Plaintiff is ineligible for naturalization because she cannot establish that she was lawfully admitted for permanent residence. Defendants' motion to dismiss Plaintiff's claim under § 1421(c) should, therefore, be denied.

**Plaintiff's Claim under the Administrative Procedures Act**

Defendants argue that Plaintiff's claim for violation of the APA is subject to dismissal because the procedures under § 1421 of the INA provide an adequate remedy. Plaintiff does not address this argument in her response. The APA provides for judicial review only in the absence of an adequate remedy. <u>See</u> 5 U.S.C. § 704. Because review under § 1421(c) is an adequate remedy, Plaintiff's APA claim should be dismissed. <u>See</u> <u>Heslop v. Attorney Gen. of the United States</u>, 594 Fed. Appx. 580, 584 (11th Cir. 2014) (because INA gave Plaintiff an

adequate remedy to review denial of his application for naturalization, the APA did not authorize judicial review).

## CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' **Motion to Dismiss (Doc. 6)** be **GRANTED IN PART AND DENIED IN PART**.  Specifically, the motion should be DENIED with regard to Plaintiff's claim under § 1421 of the INA.  The motion should be GRANTED with regard to Plaintiff's claim for violation of the APA and this claim should be DISMISSED WITH PREJUDICE.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 8th day of October 2019.

/s/   Erin L. Wiedemann
 HON. ERIN L. WIEDEMANN
 UNITED STATES MAGISTRATE JUDGE